UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT JUSSEAUME, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 13-12119-JGD |
| CITY OF MARLBOROUGH, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDMENT CLAIMS

January 30, 2015

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on the "Defendants' Motion to Dismiss Plaintiff's First Amendment Claims" (Docket No. 40). Pursuant to this motion, the defendants are seeking the dismissal of Counts II and III of the Complaint, brought pursuant to Mass. Gen. Laws ch. 12, §§ 11H, I and 42 U.S.C. § 1983, in which the plaintiff alleges that the defendant Chief of Police, Mark Leonard, interfered with his First Amendment rights of free speech. The basis of the defendants' motion is their contention that the plaintiff's speech was not constitutionally protected under the holding of Garcetti v. Ceballos, 547 U.S. 410, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006). For the reasons detailed herein, the motion is DENIED WITHOUT PREJUDICE. Not only is the motion to dismiss untimely, but the Garcetti analysis is also fact specific, and requires further development

of the record. Therefore, the defendants may renew this motion, if appropriate, in the context of the trial.

## II. **ANALYSIS**

Police Officer Robert Jusseaume commenced this action against the City of Marlborough and Chief of Police Mark Leonard in the Middlesex Superior Court on August 15, 2013, and the case was timely removed to this court on August 28, 2013. The defendants filed an answer to the complaint on October 25, 2013, but did not move to dismiss any counts of the complaint at that time. (See Docket No. 16). In accordance with the Scheduling Order issued by this court on September 9, 2014, after consultation with the parties, dispositive motions were to be filed by November 7, 2014. (Docket No. 30). No motions were filed, and the case is scheduled to begin trial on February 2, 2015. The defendants' motion to dismiss, filed on January 29, 2015, is untimely.

Moreover, the record is not sufficiently developed at this point for this court to determine whether the plaintiff's speech was protected under the First Amendment. In Garcetti, the Supreme Court ruled that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti, 547 U.S. at 421, 126 S. Ct. at 1960. Thus, the issue in the instant case was whether Officer Jusseaume's complaints were made within the scope of his duties as a police officer. As the First Circuit has recognized, in such cases "[w]hat constitutes official duties will necessarily vary with the circumstances including the rank

of the officer, his areas of responsibility and the nature of the conversations[.]" Chamberlin v. Town of Stoughton, 601 F.3d 25, 35 (1st Cir. 2010). There is not enough information in the record to make this fact-specific assessment.[1]

The defendants also argue that Chief Leonard is entitled to qualified immunity. Here, again, further development of the factual record is necessary. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2010) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "The second, 'clearly established,' step itself encompasses two questions: whether the contours of the right, in general, were sufficiently clear, and whether, under the specific facts of the case, a reasonable defendant would have understood that he was violating the right." Ford v. Bender, 768 F.3d 15, 23 (1st Cir. 2014). As a general statement, "the law is clearly established that a government official cannot retaliate against an employee because of [his] protected speech." Putnam v. Town of Saugus, Massachusetts, 365 F. Supp. 2d 151 178 (D. Mass. 2005) (citing Rankin v. McPherson, 483 U.S. 378, 385, 107 S. Ct. 2891, 2897, 97 L. Ed. 2d 315 (1987)). As detailed above, whether Officer Jusseaume's speech

---

[1] This court also notes that the plaintiff has brought an action under the Whistleblower Statute, Mass. Gen. Laws ch. 149, § 185, which "offers similar protection unaffected by *Garcetti*." Chamberlin, 601 F.3d at 31.

clearly was protected or not will be dependent on the facts relating to his position and responsibilities at the Police Department as well as the circumstances surrounding his disclosures. Thus, the claim of qualified immunity is premature.

Finally, the defendants seek to dismiss the two counts of the complaint on the grounds "that the plaintiff cannot bear his burden to show that any speech was 'a substantial or motivating factor' in an adverse employment action taken against him." (Docket No. 40 at 4). Again, this is a fact-specific inquiry that will have to await trial.

### III. CONCLUSION

For all the reasons detailed herein, "Defendants' Motion to Dismiss Plaintiff's First Amendment Claims" (Docket No. 40) is DENIED WITHOUT PREJUDICE.

      / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge